IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GENE BEAUFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 5:21-CV-00295 |
| | § | |
| 4E BRAND NORTH AMERICA, LLC | § | |
| and BJ'S WHOLESALE CLUB, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants 4e Brands North America, LLC ("4e")[1] and BJ's Wholesale Club, Inc. ("BJ's") file this Joint Notice of Removal, and hereby remove the above-entitled lawsuit from the 150th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. In support of this removal, Defendants respectfully offer this Court the following facts, arguments, and legal authorities:

### COMPLIANCE WITH 28 U.S.C. § 1446(a)

1.      Pursuant to 28 U.S.C. § 1446(a), Defendants include the following index of matters being filed with this Notice of Removal:

Exhibit 1:      The state court docket sheet

Exhibit 2:      Plaintiff's Original Petition ("Petition")

Exhibit 3:      4e's Original Answer

---

[1]   Plaintiff incorrectly names 4e Brands North America, LLC as "4e Brand North America, LLC."

| | |
|---|---|
| **Exhibit 4:** | BJ's Original Answer |
| **Exhibit 5:** | Defendants' Special Exceptions to Plaintiff's Original Petition |
| **Exhibit 6:** | Other Paper #1:  Plaintiffs' Response to 4e's Requests for Admissions |
| **Exhibit 7:** | Defendants' Proposed Rule 11 Agreement Regarding the Amount in Controversy |
| **Exhibit 8:** | Other Paper #2:  Plaintiffs' Response to Defendants' Proposal |

## PARTIES

1.      Plaintiff is a New York citizen, and no properly joined defendant is a New York citizen.  Complete diversity of citizenship has existed from the time Plaintiff filed the underlying state court action on November 24, 2020 until now.

### A.     Plaintiff

2.      Plaintiff Gene Beauford was and is a resident of Brentwood, Suffolk County, <u>New York</u>.  Ex. 2, Petition ¶ 2.  Plaintiff's residence allegation is *prima facie* evidence of New York citizenship for diversity purposes.  *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima face proof of his domicile.").

### B.     Defendants

3.      Defendant 4e Brands North America, LLC is a Florida limited liability company.  It has three members:  Juan Carlos Gonzalez Olvera, Jorge Gonzalez Olvera,

2

and Juan Carlos Velazquez.  All three members are citizens of Mexico.  4e is, therefore, a citizen of Mexico.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

4.      Defendant BJ's Wholesale Club, Inc. is a <u>Delaware</u> corporation with its principal place of business in <u>Massachusetts</u>.

## STATE COURT ACTION

5.      Defendants remove the state court action styled *Gene Beauford v. 4e Brands North America*; Cause No. 2020CI22589; In the 150th Judicial District Court of Bexar County, Texas.  In this lawsuit, Plaintiff alleges damages arising out of exposure to a hand sanitizer distributed by 4e and sold by BJ's.  Ex. 2, Petition ¶¶ 7, 10.

6.      Against Defendants, Plaintiff alleges negligence, strict product liability, breach of express warranty, and breach of implied warranty.  *Id.* ¶¶ 16-33.  Plaintiff alleges he "now suffers from vision issues, severe headaches, numbness in his hands, nausea, and worsened eyesight."  *Id.* ¶ 10.  Plaintiff seeks damages for past and future medical expenses, past and future physical pain and mental anguish, past and future loss of earning capacity, past and physical impairment, and punitive damages.  *Id.* ¶ 10.

## REMOVAL PURSUANT TO DIVERSITY OF CITIZENSHIP

7.      Defendants remove this action pursuant to 28 U.S.C. § 1441(a).  This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) and (a)(2) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States" and "(2) . . . citizens or subjects of a foreign state."

**A.      Amount in Controversy**

8.      This case was not initially removable because the Petition does not "'affirmatively reveal[] on its face'" that Plaintiff's claim is greater than $75,000.  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 939 F.2d 160, 163 (5th Cir. 1992)).  Plaintiff's petition fails to comply with Rule 47 of the Texas Rules of Civil Procedure, which requires Plaintiff to plead into a damages range.  So, Defendants filed special exceptions requesting Plaintiff amend his pleading to comply with Rule 47.  Ex. 5, Special Exceptions to Petition.  Plaintiff never did so.

9.      But this case subsequently became removable on February 22, 2021, when Plaintiff's counsel sent Defendants an "other paper" under 28 U.S.C. § 1446(b)(3): Plaintiff's responses to 4e's requests for admission refusing to disclose whether the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* Ex. 6 at 3.  Three days later, Plaintiff refused to sign an agreement that the amount in controversy does not exceed $75,000, exclusive of interest and costs.  *See* Exs. 7 & 8.  Plaintiff's "refusal to admit or stipulate that [he] will not seek damages exceeding $75,000 is sufficient proof that the amount in controversy exceeds the Court's minimum jurisdictional limits." *Garcia v. State Farm Lloyds*, SA-08-CV-829-XR, 2009 WL 10669517, at *2 (W.D. Tex. Feb. 3, 2009); *see also Parga v. Kuehne + Nagel Inc.*, EP-08-CA-144-FM, 2008 WL 11333926, at *5 (W.D. Tex. Nov. 12, 2008) (other paper:  plaintiff's responses to requests for admissions neither admitting or denying (among other things) that the plaintiff was seeking damages above $75,000); *Petit v. Wal-Mart Stores, Inc.*, MO.08-CV-00043-RAJ, 2008 WL

11411112, at *1-2 (W.D. Tex. June 17, 2008) (other paper:  response to request for admission that "After reasonably [sic] inquiry, the information known by or readily available to Plaintiff . . . at the time of [sic] the responses were made is insufficient to enable her to admit or deny Defendant's Request for Admission . . . for the reason that the damages inquired about in this request are mostly economic damages in the desecration [sic] of the jury, and not facts."); *Revilla v. Target Corp., Inc.*, 4:14-CV-295-BJ, 2014 WL 11484969, at *2-3 (N.D. Tex. Aug. 26, 2014) (other paper:  the plaintiff's refusal to timely respond to a request to stipulate that damages do not exceed $75,000, exclusive of interest and costs).

## B.     Diversity of Citizenship

10.     Plaintiff is a citizen of New York.  No defendant is a New York citizen.  4e is a Florida limited liability company whose members are all Mexican citizens.  BJ's is not a New York citizen—it is a Delaware corporation with its principal place of business in Massachusetts.  Given the complete diversity of citizenship, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1) and (a)(2), and removal is proper under 28 U.S.C. § 1441(a).

## PROCEDURAL REQUIREMENTS OF REMOVAL

## A.     Timeliness

11.     This Notice of Removal has been timely filed because thirty days have not elapsed since Plaintiff served Defendants with the "other papers" described above on February 22, 2021.  Exs. 6-8.  *Cf.* 28 U.S.C. § 1446(b)(3).

**B.      Venue**

12.      Plaintiff brought this action in the 150th Judicial District Court of Bexar County, Texas—located within the Western District of Texas, San Antonio Division.  28 U.S.C. § 124(d)(4).  Accordingly, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**C.      Compliance with Notice Requirements**

13.      Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of the filing of this Notice to Plaintiff, as well as promptly file a copy of the Notice of Removal with the clerk for the 150th Judicial District Court of Bexar County, Texas.

**D.      Filing Fee**

14.      A filing fee of $400 has been tendered to the Clerk of the United States District Court for the Western District of Texas, San Antonio Division.

**E.      Other Filings**

15.      Pursuant to Federal Rule of Civil Procedure 7.1, Defendants will file corporate disclosure statements separately.

**F.      Jury Demand**

16.      The parties previously demanded a jury trial in state court.  Ex. 1, Petition ¶ 35; Ex. 1, 4e's Answer ¶ 25; Ex. 3, BJ's Answer ¶ 25.  *Cf.* Fed. R. Civ. P. 81(c)(3)(A).

**G.      Request for Leave to Amend**

17.      In the event this Court subsequently identifies a defect in this Notice of Removal, Defendants respectfully request the Court grant Defendants leave to amend this Notice and cure the defect.  *See, e.g., Silva v. Degs Wind I, LLC*, No. CV 1:13-247, 2015

WL 12743775, at *2-3 (S.D. Tex. Jan. 29, 2015); *Bailon v. Landstar Ranger, Inc.*, 3:16-CV-1022-L, 2016 WL 6565950, at *4 (N.D. Tex. Nov. 3, 2016) (citing *In re Allstate Ins. Co.*, 8 F.3d 219, 221 & n.4 (5th Cir. 1993)) (procedural defects may be cured by the filing of an amended notice of removal); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011) (explaining "defendants may freely amend the notice of removal required by section 1446(b).").

## CONCLUSION

Based on the foregoing, Defendants remove this case to this Court.  This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S. Mopac Expy, Suite A400
Austin, Texas 78746
Telephone:  (512) 472-0288
Fax:  (512) 472-9280

*/s/ Ben Zinnecker*
R. Chad Geisler
State Bar No. 00793793
cgeisler@germer-austin.com
Ben Zinnecker
State Bar No. 24066504
bzinnecker@germer-austin.com
***Attorneys for Defendants***
***4e Brands North America, LLC and***
***BJ's Wholesale Club, Inc.***

-and-

Rodney J. Janis
GOLDBERG SEGALLA LLP
Texas Bar No. 24066574
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Telephone:  561.618.4450
Fax:  786.814.4899
rjanis@goldbergsegalla.com
***Attorneys for Defendant***
***BJ's Wholesale Club, Inc.***

## CERTIFICATE OF SERVICE

On the 24th day of March, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served the following counsel of record electronically and/or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Mark A. Weycer
Elena R. Bueno
THE WEYCER LAW FIRM, P.C.
4545 Bissonnet, Suite 294
Bellaire, Texas 77401
mweycer@weycerlawfirm.com
ebueno@weycerlawfirm.com
***Attorneys for Plaintiff***

*/s/ Ben Zinnecker*
Ben Zinnecker