FILED
11/24/2020 11:18 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

Case 5:21-cv-00295-XR   Document 1-4   Filed 03/24/21   Page 1 of 9

CAUSE NO. **2020CI22859**

| | | |
|---|---|---|
| **GENE BEAUFORD** | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| **4E BRAND NORTH AMERICA, LLC,** | § | |
| **BJ'S WHOLESALE CLUB, INC d/b/a** | § | |
| **BJ'S WHOLESALE CLUB** | § | **150th** JUDICIAL DISTRICT |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, Gene Beauford, who brings this cause of action against Defendants, 4e Brand North America, LLC and BJ's Wholesale Club, Inc. d/b/a BJ's Wholesale Club ("Defendants"), for the manufacture and sale of various hand sanitizer products identified below and through his Original Petition would respectfully show unto the Court as follows:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this case is intended to be conducted under Level 2.

### PARTIES

2. Plaintiff, Gene Beauford is a natural person who appears as Plaintiff in his individual capacity, resides in Brentwood, Suffolk County, New York.

3. Defendant, 4e Brands North America, LLC, is a Domestic Limited Liability Partnership doing business in the State of Texas. Defendant, 4e Brands North America, LLC has failed to designate a registered agent for service with the Texas Secretary of State. The Texas Secretary of State is therefore deemed the proper agent for service of Defendant, 4e Brands North America, LLC. Tex. Civ. Prac. & Rem. Code Ann. § 17.044(b). Such service of process may be

1

**EXHIBIT 2**

effected by serving duplicate copies of the process upon the Secretary of State, who shall cause one of the copies to be forwarded by registered mail to 4e Brands North America, LLC, 17806 w. Interstate 10, Suite 300, San Antonio, Texas 78257.

4. Defendant, BJ's Wholesale Club, Inc. d/b/a BJ's Wholesale Club is a corporation doing business in the State of Texas and can be served through its registered agent C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## VENUE & JURISDICTION

5. Venue is proper in Bexar County, Texas in accordance with TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3) because it is the county of Defendants' principal place of business at the time the action accrued.

6. This trial court has subject-matter jurisdiction over the Defendants because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## FACTUAL BACKGROUND

7. On or about June 1, 2020, Plaintiff purchased a *Blumen* hand sanitizer ("Product") that was defective. At all times relevant to this suit, Defendants and/or its servants, were engaged in the business of designing, manufacturing, assembling, testing, inspecting, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing, and/or selling of the Product, a hand sanitizer.

8. On July 27, the Food and Drug Administration (FDA) announced a recall of *Blumen* hand sanitizer products due to potential presence of undeclared methanol (wood alcohol). The Produc, purchased and used by Plaintiff, was among those defective products that contained methanol, a substance that is highly toxic and is unfit for human consumption. Human exposure to methanol can result in nausea, vomiting, headache, blurred vision, permanent blindness,

Copy from re:SearchTX

seizures, coma, permanent damage to the nervous system or death. The presence of methanol renders the Products defective because it makes the Product unsuitable for its principal and intended purpose due to its hazardous nature.

9. Additionally, the Product is defective because Defendant, 4e Brand North America, LLC attached a label on the Product that identified it as a "Hand Sanitizer" and listed "Ethyl Alcohol 70%" as an "active ingredient." At the time the Product was purchased and/or used, the Product's label did not disclose any methanol contamination or that the "active ingredient" in fact consists largely of methanol, rather than Ethyl alcohol or ethanol. This distinction is critical because Ethyl Alcohol is an accepted active ingredient for hand sanitizers, while methanol is a toxic substance that renders the Product unsuitable for use as a hand sanitizer.

10. Defendant, BJ's Wholesale Club, Inc. d/b/a BJ's Wholesale Club ("BJ's Wholesale"), marketed and sold the product. Plaintiff, relying on Defendants' misrepresentations, used the defective product and now suffers from vision issues, severe headaches, numbness in his hands, nausea, and worsened eyesight. Plaintiff would not have purchased and used the Product had he known that the product contained a defect, and that such defect made the Product hazardous and unfit for its intended use.

## CAUSE OF ACTION

11. Plaintiff brings these claims and request for damages pursuant to Chapter 82 of the C.P.R.C., Texas UCC § 2-313-315, and Chapter 41 of the T.C.P.R. Code, and Texas Common Law.

## CAUSE OF ACTION FOR NEGLIGENCE

12. All facts and allegations set forth in the preceding paragraph are incorporated herein as if fully restated.

Copy from re:SearchTX

13. Plaintiff will show that the incident made the subject of this suit and Plaintiff's resulting injuries were directly and proximately caused by the negligence of Defendant, 4e Brand North America, LLC.

14. Plaintiff will show that Defendant, 4e Brand North America, LLC was negligent through the following acts and/or omissions:

    a. failing to adequately design the subject hand sanitizer;

    b. failing to adequately test the subject hand sanitizer;

    c. failing to manufacture the subject hand sanitizer to its specification;

        a. failing to institute, execute, and maintain adequate quality control and quality assurance processes and procedures at its manufacturing plant;

        b. manufacturing the subject hand sanitizer with contaminants in its components;

        c. failing to inspect the subject hand sanitizer for latent defects in its manufacture;

        d. failing to test the hand sanitizer to insure it was suitable for its intended purpose;

        e. failing to design, manufacture, and ensure active ingredients in subject hand sanitizer are adequate and not hazardous;

        f. negligently hiring, training, and supervising representatives or employees who manufactured the subject hand sanitizer;

        g. creating a culture of quantity over quality at its San Antonio plant by overlooking defects to increase production; and

        h. failing to maintain effective quality control measures in light of a foreseeable rise in demand for hand sanitizers that would have prevented defective products from entering into the stream of commerce.

15. Each of the above acts and/or omissions, singularly and/or in combination, proximately caused the Plaintiff's injuries and damages made the basis of this suit.

Copy from re:SearchTX

## CAUSE OF ACTION FOR NEGLIGENCE – AS TO THE DEFENDANT BJ'S WHOLESALE CLUB, INC. D/B/A BJ'S WHOLESALE CLUB

16. Plaintiff incorporates each of the allegations in the preceding paragraphs as if set forth in full herein. At all times relevant to this suit, Defendant, BJ's Wholesale, was engaged in the business of distributing, servicing, merchandising, recommending, advertising, promoting, marketing, and selling the defective product, a hand sanitizer.

17. Plaintiff will show that Defendant, BJ's Wholesale, was negligent through the following acts and/or omissions:

   a. Failing to provide a safe hand sanitizer for consumers;

   b. Failing to alert and warn Plaintiff of the defect in the hand sanitizer;

   c. Failing to remove the defective hand sanitizer from the market;

   d. Failing to test the hand sanitizer to ensure that it was safe for its intended purpose; and

   e. Releasing *Blumen* hand sanitizers that were not intended to be placed into the market.

18. Each of these acts and/or omissions singularly and/or in combination, proximately caused the injuries to Plaintiff.

## STRICT PRODUCTS LIABILITY (§402-A)

19. Plaintiff incorporates each of the allegations in the preceding paragraphs as if set forth in full herein.

20. As a second cause of action, Plaintiff will show that the occurrence giving rise to this lawsuit was caused by Defendants placing into the stream of commerce unreasonably dangerous and defective products.

21. Defendants designed, manufactured, assembled, tested (or failed to test), inspected (or failed to inspect), packaged, labeled, fabricated, constructed, analyzed, distributed, serviced,

Copy from re:SearchTX

merchandised, advertised, promoted, marketed, and sold the Product.

22. The warnings and instructions that accompanied the Product were defective at the time they left the Defendants and were a producing cause of the occurrence in question.

23. The Product was unsafe by reason of the defects in the design, manufacture, testing, labeling, packaging, and marketing.

## STRICT PRODUCT LIABILITY (§402-B)

24. Plaintiff incorporates each of the allegations in the preceding paragraphs as if set forth in full herein.

25. As a third cause of action, Plaintiff will show that Defendants mispresented that the Product was safe for its intended use. Defendants misrepresented that the Product contained "70% Ethyl alcohol" of ethanol and could be used as hand sanitizers. Defendants, however, failed to disclose that the Product contained methanol. Defendants had a duty to disclose that this information. At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

26. These misrepresentations and omissions made by Defendants were intended to induce and actually induced Plaintiff to purchase the Product. Plaintiff justifiably relied upon the representations by the Defendants in purchasing and using the Product, and Plaintiff would not have purchased or used the Product if he had been made aware of the defect.

## BREACH OF EXPRESS WARRANTY

27. The Plaintiff incorporates each of the allegations in the preceding paragraphs as if set forth in full herein.

28. As a fourth cause of action, Plaintiff will show that the injuries and damages were

Copy from re:SearchTX

caused by the breach of expressed warranties made by the Defendants as designers and/or, manufacturers, marketers, distributors and/or sellers.

29. Defendants, in placing the Products into the stream of commerce, used advertising media and professional publications to urge the purchase and use of the Product and expressly warranted to members of the general public, including Plaintiff that the Product was effective and proper. Specifically, Defendants expressly warranted that the Product contained "70% Ethyl Alcohol" or listed ethyl alcohol as the active ingredient, and prominently stated that the Product was a "Hand Sanitizer" on the Product's labels. The Product, however, instead contained *methanol*, a toxic ingredient that disqualifies the Product from being sold as hand sanitizer. Thus, the Product sold by Defendants was not hand sanitizer.

30. Plaintiff relied upon the representations made by the Defendants, 4e Brand North America, LLC, in the purchase of the Product and was injured as a direct and proximate cause of Defendants' breach of express warranty.

## BREACH OF IMPLIED WARRANTY

31. Plaintiff incorporates each of the allegations in the preceding paragraphs as if set forth in full herein.

32. As a fifth cause of action, Plaintiff will show that the injuries were caused by the breach of implied warranties of merchantability by the Defendants. Defendants implied to members of the general public, including Plaintiff, that the Product was of merchantable quality and safe for the use for which it was were intended.

33. The characteristics referenced above resulted in conditions that rendered the products unfit for the ordinary purpose (Tex. UCC § 2.314 – 2.315) for which they were to be used because of the lack of or need for something necessary for adequacy. Plaintiff further pleads that

Copy from re:SearchTX

all conditions precedent under the Texas Business and Commerce Code §2.607(c)(1) have been met.

## DAMAGES

34. As a result of the events described herein and the negligent acts and omissions of the Defendants, Gene Beauford has sustained damages including, but not limited to:

    i. reasonable and necessary medical care and expenses in the past and future;

    j. physical pain and suffering and mental anguish in the past and future;

    k. punitive damages;

    l. loss of earning capacity in the past and future; and

    m. physical impairment in the past and future.

## JURY DEMAND

35. Plaintiff requests a trial by jury and is tendering the appropriate fee upon the filing of this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Gene Beauford prays that citations be issue don Defendants for their appearance and answer hereto and that upon final hearing of this cause of action so that judgment be entered for Plaintiff he have judgment against the Defendants, 4e Brand North America, LLC and BJ's Wholesale Club, Inc. d/b/a BJ's Wholesale Club for the following:

    a. all actual damages proximately resulting from the Defendants' negligent acts and/or omissions as well as strict liability and breaches of the Texas UCC provisions;

    b. costs of court;

Copy from re:SearchTX

  c.  pre and post judgment interest at the maximum rate allowed by law; and

  d  all other relief to which they may be entitled.

            Respectfully submitted,

            THE WEYCER LAW FIRM, P.C.

     By:  _____

            MARK A. WEYCER
            State Bar No. 21237300
            mweycer@weycerlawfirm.com
            ELENA R. BUENO
            State Bar No. 24118342
            ebueno@weycerlawfirm.com
            4545 Bissonnet, Suite 294
            Bellaire, Texas 77401
            Tele: (713) 668-4545
            Fax:  (713) 668-5115

            ***ATTORNEYS FOR PLAINTIFF***

Copy from re:SearchTX